**STATE of Texas, Petitioner,**

v.

**ONE SUPER CHERRY MASTER VIDEO 8–LINER MACHINE, et al., Respondent.**

**No. 01–0673.**

Supreme Court of Texas.

Argued Sept. 11, 2002.

Decided April 3, 2003.

Rehearing Denied May 8, 2003.

See also 102 S.W.3d 123.

Idolina Garcia, William F. Lewis, Jr., Jeffrey S. Boyd, Howard G. Baldwin, First Assistant Attorney General of Texas, Michael T. McCaul, Executive Assistance Attorney General, Office of the Attorney General of Texas, Julie Caruthers Parsley, Office of the Solicitor General of Texas, Austin, John Cornyn, United States Senate, Washington, DC, for Petitioner.

Eddie G. Shell, Burnet, Larry Zinn, San Antonio, Richard D. Davis, Austin, for Respondent.

Justice JEFFERSON delivered the opinion of the Court.

Today, in *Hardy v. State,* 102 S.W.3d 123 (Tex.2003), we held that although the State must establish probable cause before initiating a forfeiture proceeding, the person found in possession of an alleged gambling device has the burden to prove, by a preponderance of the evidence, at a show cause hearing either that the machine is not a gambling device or that the exclusion in Penal Code section 47.01(4)(B) applies. *Id.* Further, we held that devices, known as "eight-liners," that dispense tickets redeemable for cash, even if used only for additional play, or for gift certificates redeemable at local retailers do not, as a matter of law, meet the gambling device exclusion under section 47.01(4)(B).

In this civil forfeiture case, the evidence is undisputed that the eight-liners issued tickets that were redeemable for, among other prizes, cash used for additional play or gift certificates used to purchase items at local retailers. Regardless, the court of appeals affirmed the trial court's judgment on the jury verdict that the eight-liners were not gambling devices and, in addition, concluded that the trial court did not improperly place the burden of proof on the State. 55 S.W.3d 51, 53. Our decision in *Hardy* controls. Consequently, the court of appeals' judgment is reversed and judgment is rendered for the State.