NO. 07-02-0194-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 25, 2003

_____

TWENTY-NINE (29) GAMBLING DEVICES, THREE
THOUSAND SEVEN HUNDRED EIGHTY-FIVE DOLLARS
AND SEVENTY-FIVE CENTS ($3,785.75) IN UNITED STATES
CURRENCYAND ONE THOUSAND ONE HUNDRED FORTY
DOLLARS ($1,140.00) IN GIFT CERTIFICATES, APPELLANTS

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 88,770-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

OPINION

This is an appeal from a summary judgment forfeiting 29 "eight-liner" machines,

$3,785.75 in cash, and $1,140.00 in gift certificates pursuant to Article 18.18 of the Code

of Criminal Procedure. We affirm.

BACKGROUND

The appeal is brought by appellants Clellan Kern, Donald Campbell and Jeannie Campbell. They are, respectively, the manager of a business located in Potter County named "Mr. Bigs Amusements," the owner of Mr. Bigs, and the owner of the building where Mr. Bigs conducted business. In September 2000, law enforcement agencies began an undercover investigation into gambling at Mr. Bigs. During the investigation, which continued through February 2001, various law enforcement personnel, including Corporal Dan Howington of the Amarillo Police Department, on several occasions went to Mr. Bigs, placed money in the eight-liner machines and played the games they contained. The machines dispensed tickets showing the points accumulated during play. Each ticket evidencing 500 points could be redeemed for a $5.00 gift certificate from one of several local general retail establishments, including Wal-Mart and merchants in a shopping mall.

On February 28, 2001, Corporal Howington presented an affidavit for search warrant to the 181st District Court, requesting a search warrant for the property where Mr. Bigs was operated. The officer's affidavit set out a detailed version of the facts summarized above and alleged that the eight-liner machines were gambling devices as defined by Section 47.01(4) of the Penal Code, possession of which is prohibited by Section 47.06. (Vernon 1994). The court issued a warrant the same day and officers executing the warrant seized the property that is the subject of this appeal.

Although no criminal prosecution had been brought, the State, acting through the Potter County Attorney, filed a petition in May 2001 seeking forfeiture of the property. The petition alleged that Kern and the Campbells were found in possession of the machines, that the machines were gambling devices and gambling paraphernalia, as defined by Chapter 47 of the Penal Code, and that the money and gift certificates were gambling proceeds, each subject to forfeiture under Article 18.18(b) of the Code of Criminal Procedure. The petition also alleged that the exclusion in the definition of gambling devices contained in Penal Code Section 47.01(4)(B) (commonly called the "fuzzy animal" exclusion) was inapplicable. Appellants were notified in accordance with Article 18.18(b), and filed a joint answer, special exceptions and counterclaims. Appellants subsequently dismissed their counterclaims.

The Texas Amusement Association filed a plea in intervention, asserting a contractual duty to defend appellants, and Don Neuhauser filed a plea in intervention, claiming to be the owner of the machines. The trial court struck both, finding they had forfeited any interest in the property by failing to file an appearance within the 20 day period set out in the forfeiture statute. *See* Tex.Code Crim. Proc. art. 18.18(e) (Vernon Supp. 2003).

The trial court entered a discovery control order. After completion of discovery, the State filed a motion for summary judgment on February 8, 2002. The motion asserted as traditional summary judgment grounds that the summary judgment evidence conclusively established the machines were gambling devices and gambling paraphernalia, and that

3

the cash and gift certificates were gambling proceeds. It also alleged as no-evidence grounds under Rule of Civil Procedure 166a(i) that there was no evidence the machines were not gambling devices or gambling paraphernalia or the cash and gift certificates were not gambling proceeds. The State's summary judgment evidence consisted of Corporal Howington's affidavit for search warrant; the search warrant, together with its return, to which is appended an inventory of the items seized; the State's requests for admissions, addressed to appellants, with appellants' responses; and appellants' responses to the State's interrogatories.

Appellants had not filed any response by the March 12, 2002, hearing on the motion. The trial court granted the motion and signed a final summary judgment which was filed March 14, 2002. By letter to appellant's counsel dated the same day, the State's attorney offered not to oppose a motion to reconsider the summary judgment or object to the timeliness of a response if it were filed by March 20, 2002. Appellants' counsel acknowledged his agreement to that offer.

Appellants did present a response, dated March 20, 2002, but not file marked until March 27, 2002, in which they advanced numerous objections to the State's summary judgment evidence and to specific facts alleged in the motion. Appended to appellants' response was the affidavit of Don Neuhauser.[1] The State filed a reply to

---

[1]The body of the affidavit consists of three paragraphs, reading as follows:

"My name is Don Newhauser [*sic*]. I am above the age of 21 and I am fully competent to make this affidavit. I have read the affidavit prior to signing the same, and each of the matters stated herein are within my

4

appellants' response on March 21, 2002, but did not challenge the timeliness of the response.

In a letter dated March 28, 2002, the trial court informed the parties it had reviewed appellants' response and concluded there was "still no legitimate contested issue of fact" and there was no evidence to support their claims. Appellants perfected appeal from the court's judgment.[2]

In a single issue, appellants assert the trial court erred in finding that no genuine issue of material fact was present and that the State was entitled to a judgment forfeiting the seized property as a matter of law.

personal knowledge and are true and correct.

"The machines which were seized by law enforcement and which are the subject of the above lawsuit belong to me. The machines are electromechanical contrivances designed, made, and adapted solely for *bona fide* amusement purposes. The machines only rewarded a player exclusively with noncash merchandise prizes, toys, or novelties, or a representation of value redeemable for those items. The machines rewarded the player with a ticket (a representation of the value redeemable for gift certificates) which had a wholesale value available from a single play of the game or device of not more than 10 times the amount charged to play the game or device once or $5, whichever was less.

"These machines were specifically designed for the purpose of complying with the "fuzzy animal exemption" to the definition of gambling device in the Texas Penal Code. No cash was ever given. The gift certificates awarded as prizes were not the same as cash. There is no evidence in the arrest and search warrant affidavit that shows any deviation from the exemption." [underlining in original]

[2]Appellants' notice of appeal was filed more than 30 days from the March 14 judgment, but less than 30 days from the court's March 28 letter. This court granted appellants' motion for an extension of time to file their notice of appeal.

## PARTIES

The State initially raises a question concerning the parties to this appeal. It argues that in the identification of parties in appellants' brief pursuant to Rule 38.1(a) of the Rules of Appellate Procedure, "the only named appellants . . . are 'Twenty-nine gambling devices.'" It goes on to note that appellants expressly disclaim any property interest in the machines, and concludes the trial court's judgment "must be seen as final with respect to all parties except the "twenty-nine gambling devices." This argument fails to consider the applicable Rules of Appellate Procedure and the record in this case.

Perfection of appeal in civil cases is governed by Rule 25.1 of the Rules of Appellate Procedure. Subsection (c) of that rule provides:

> A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal. Parties whose interests are aligned may file a joint notice of appeal. The appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause.

The notice of appeal in this case was filed by Clellan Kern, Donald Campbell, Jeanie Campbell and Don Neuhauser. Under the Rules of Appellate Procedure, these are the only appellants in this appeal.[3]

## BURDEN OF PROOF

---

[3]Don Neuhauser has not filed a brief or joined in the brief filed by the other appellants.

6

At the time this appeal was briefed and argued, the issue whether the State or appellants bore the burden of proof in forfeiture proceedings on the characterization of the seized property as gambling devices and proceeds was unresolved. Courts of Appeals had treated the issue differently. *Compare Hardy v. State*, 50 S.W.3d 689 (Tex.App.--Waco 2001), *affirmed*, 46 Tex.S.Ct.J. 555, *with State v. One Super Cherry Master Video 8-Liner Mach.*, 55 S.W.3d 51 (Tex.App.--Austin 2001), *reversed*, 46 Tex.S.Ct.J. 555. Our Supreme Court recently released its opinion in *Hardy v. State*, 46 Tex.S.Ct.J. 555 (April 3, 2003), in which it held that the State meets its initial burden supporting forfeiture in Article 18.18(b) proceedings by establishing probable cause to initiate the proceeding, and bears no burden at the show cause hearing held under Article 18.18(f) to determine the nature of the seized property or proceeds and the claimant's interest in it. 46 Tex.S.Ct.J. at 559. It is the party seeking to avoid forfeiture who bears the burden to prove by a preponderance of the evidence that the property or proceeds are not subject to forfeiture. 46 Tex.S.Ct.J. at 560; *see also State v. One Super Cherry Master Video 8-Liner Machine, et al.*, 46 Tex.S.Ct.J. 555 (April 3, 2003, rehearing filed).

Appellants have raised no issue concerning the validity of the search warrant issued in this case or otherwise argued that the State had no probable cause to initiate the forfeiture proceeding. Under the Supreme Court's opinions in *Hardy* and *One Super Cherry Master*, then, to avoid forfeiture of the seized items of property, it was appellants' burden to establish that the seized items are not gambling devices, gambling proceeds or other property of the types listed in Article 18.18(f).

## SUMMARY JUDGMENT

Rule of Civil Procedure 166a(i) permits a party to file a no-evidence summary judgment motion when there is no evidence of one or more essential elements of a claim or defense on which an adverse party has the burden of proof. Tex.R.Civ.Proc. 166a(i).[4] In response to a no-evidence summary judgment motion, the non-movant is not required to marshal its proof, but it must present evidence that raises a fact issue on the challenged elements. *See* Tex.R.Civ.P. 166a, Notes and Comments. Because a no-evidence summary judgment is essentially the same as a pretrial directed verdict, we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we do when reviewing a directed verdict. *Roth v. FFP Operating Partners*, 994 S.W.2d 190, 195 (Tex.App.--Amarillo 1999, pet. denied). Thus, in considering such a judgment, our task is to ascertain whether the non-movant produced any probative evidence to raise a material fact issue. In answering this query, we consider all the evidence in the light most favorable to the party against whom the summary judgment was rendered and disregard all contrary evidence and inferences. *Id.* A no-evidence summary judgment is improper if the non-movant presents more than a scintilla of probative evidence to raise a genuine issue of material fact. *Jackson v. Fiesta Mart, Inc.,* 979 S.W.2d 68, 70-71 (Tex.App.–Austin, 1998, no pet.). Faced with the State's summary judgment motion, it was incumbent on

[4]As noted, the State's motion for summary judgment addressed both traditional and no-evidence grounds. The trial court granted summary judgment on both grounds. In view of the Supreme Court's decision in *Hardy* concerning the burden of proof in Article 18.18(b) forfeiture proceedings, we choose to review the judgment on the no-evidence grounds.

8

appellants to come forth with summary judgment evidence sufficient to raise a genuine issue of material fact concerning the nature of the seized items of property under Article 18.18(f).

Before considering the effect of appellants' summary judgment response, we must determine if it was properly before the court. As noted, it was filed after the trial court signed the summary judgment. The State correctly points out that an agreement between the parties to waive the deadlines established by the Rules of Civil Procedure can not substitute for permission of the court to file a late response. *See Johnson v. Fuselier*, 83 S.W.3d 892, 895 (Tex.App.–Texarkana 2002, no pet.). Here, however, the record contains a letter from the trial court indicating that he considered appellant's response and it did not change his ruling on the summary judgment motion. By this action the court implicitly granted appellants leave to file their response. *See K-Six Television, Inc. v. Santiago*, 75 S.W.3d 91, 96 (Tex.App.--San Antonio 2002, no pet.) (recitation in order that court considered late response treated as leave to file the response.) As noted, the State also replied to the response on its merits. The response was properly before the trial court and we may consider it.[5]

Appellants' position, both before the trial court and before this court, is that the seized machines are not gambling devices because the gift certificates received by players

---

[5]In their response to the State's motion for summary judgment, appellants made objections to various statements in the State's motion and in the search warrant affidavit appended to the motion. The State, in its reply, asserted objections to appellants' summary judgment evidence. The trial court did not rule on either side's objections, so none of those complaints are preserved for our review. Tex.R.App.P. 33.1.

in exchange for the tickets dispensed by the machines are "noncash merchandise prizes, toys or novelties," qualifying the machines for the "fuzzy animal" exclusion under Penal Code Section 47.01(4)(B). It is undisputed that the machines meet the statutory definition of gambling devices if the exclusion contained in Section 47.01(4)(B) is inapplicable. The second major holding of the Supreme Court's decision in *Hardy* forecloses appellants' position. In that case, the court held that a gift certificate from a retail establishment such as Wal-Mart does not qualify as a noncash merchandise prize, toy or novelty for purposes of Section 47.01(4)(B). *Hardy*, at 561.

Appellants' summary judgment evidence consisted entirely of the affidavit of Don Neuhauser.[6] Viewed in the light most favorable to appellants, but in light also of the Supreme Court's opinions in *Hardy* and *One Super Cherry Master*, there is nothing in the affidavit that would enable a reasonable and fair-minded person to conclude that the seized machines are not gambling devices, or that the seized cash and gift certificates are not gambling proceeds. The statements in the affidavit concerning the nature of the machines are primarily such as to bring the machines within the Penal Code's definition of such devices. But for the Supreme Court's decisions, the statements, "No cash was ever given. The gift certificates awarded as prizes were not the same as cash," might have sufficed to raise a fact question concerning the applicability of the "fuzzy animal" exclusion

---

[6]Appellants have made reference to their "objections" to some of the State's requests for admissions. The objections, though, are simply appellants' refusal to admit some of the matters addressed in the requests. Denials to requests for admissions are not proper summary judgment evidence. *Americana Motel, Inc. v. Johnson*, 610 S.W.2d 143 (Tex. 1980).

to the machines. Because the gift certificates awarded as prizes to players at Mr. Bigs are indistinguishable from those at issue in *Hardy*, though, the Supreme Court has said that they were the same as cash.

The State argued before this court that the seized machines are gambling paraphernalia under Penal Code section 47.01(6) as apparatus that recorded or registered bets, regardless of their status as gambling devices. Our disposition of the appeal makes consideration of that argument unnecessary.

We overrule appellants' issue and affirm the judgment of the trial court.


James T. Campbell
Justice

11