NO. 07-02-0391-CR


NO. 07-02-0392-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 10, 2003



______________________________




ALVIN ORTIZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 45,111-C & 45,112-C; HONORABLE PATRICK A. PIRTLE, JUDGE



_______________________________


 

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Pursuant to open pleas of guilty, appellant Alvin Ortiz was convicted of aggravated
assault with a deadly weapon in cause number 45,111-C and assault on a family member
in cause number 45,112-C. After hearing punishment evidence, the trial court assessed
14 years confinement and seven years confinement, respectively. In challenging his
conviction for aggravated assault with a deadly weapon, appellant presents three issues,
to-wit: (1) whether the trial court abused its discretion in failing to sua sponte withdraw his
guilty plea where he testified he did not remember committing the offense; (2) whether the
trial court abused its discretion in failing to weigh the evidence appropriately where
following his guilty plea and prior to adjudication, he testified he did not remember
committing the offense; and (3) whether the trial court abused its discretion in failing to
weigh the evidence appropriately where following his guilty plea and prior to adjudication,
the alleged victim testified she did not remember a knife or being cut or injured by a knife. 
Regarding his conviction for assault on a family member, appellant raises two issues by
which he questions (1) whether the trial court abused its discretion in failing to sua sponte
withdraw his guilty plea where he testified he did not remember committing the offense;
and (2) whether the trial court abused its discretion in failing to weigh the evidence
appropriately where following his guilty plea and prior to adjudication, he testified he did
not remember committing the offense. Based upon the rationale expressed herein, we
affirm.

 Late in the afternoon on February 28, 2002, appellant and complainant, his live-in
girlfriend, went to a bar. After leaving the bar, they drove around Amarillo while appellant
assaulted her. The assault continued in their residence until the early morning hours of
March 1, spanning a period of approximately eight hours. Professing her love for
appellant, complainant reluctantly testified he used his fists to injure her and also kicked
her during the assault. Photographs introduced into evidence depicted black eyes, multiple
bruises throughout her body, and long cuts to the back of her left leg. A police officer
testified that complainant turned a knife over to her on March 11 claiming it was connected
to the March 1 incident. Complainant, however, testified she could not remember if a knife
or other sharp object was used to inflict some of her injuries. 

 During the punishment phase and prior to being adjudicated guilty, appellant
testified he did not remember assaulting complainant because he experienced a blackout. 
However, he also testified he was the only person with complainant on the night she was
assaulted and confirmed he had plead guilty because he was guilty. Following the
punishment evidence, the trial court adjudicated appellant guilty of both offenses and
assessed punishment at 14 years confinement for aggravated assault with a deadly
weapon and seven years confinement for assault on a family member. 

 By his first issues in each appeal, appellant contends the trial court erred in failing
to sua sponte withdraw his pleas of guilty because he did not remember committing the
offenses. We disagree. In Aldrich v. State, 104 S.W.3d 890 (Tex.Cr.App. 2003), the
Court, quoting from Moon v. State, 572 S.W.2d 681, 682 (Tex.Cr.App. 1978), explained
that once trial courts gained fact-finding authority, it was no longer necessary to sua sponte
withdraw a defendant's guilty plea if evidence of his innocence was raised-as trier of the
facts, the trial court could decide the evidence did not create a reasonable doubt as to guilt,
find the defendant guilty of a lesser offense and assess the appropriate punishment, or find
the defendant not guilty. Aldrich, 104 S.W.3d at 893. Under the holdings in Aldrich and
Moon, we conclude the trial court did not abuse its discretion in failing to sua sponte
withdraw appellant's pleas of guilty.

 Without challenging the sufficiency of the evidence, by his remaining issues,
appellant contends the trial court abused its discretion in failing to appropriately weigh the
evidence. We disagree. The trial court is the sole judge of the credibility of the witnesses
and may accept or reject any part or all of the testimony presented by them. Johnson v.
State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978). Also, the trier of fact may draw
reasonable inferences from the evidence. Jones v. State, 944 S.W.2d 642, 647-49
(Tex.Cr.App. 1996), cert. denied, 522 U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54 (1997). 

 On at least three occasions during her testimony, complainant claimed appellant
"hurt" her and caused the injuries depicted in State's Exhibits eight through 14. The
exhibits show complainant with two severe black eyes, multiple bruises on her arms, torso,
and legs, and two long cuts to the back of her left leg. Although complainant testified she
could not remember whether appellant used a knife to cut her, she did not exclude the
possibility. She testified, "[c]ould have been a knife, nail, or couch. I don't know. I don't
remember." There was also testimony that complainant turned the knife over to authorities
in connection with the assault. Appellant testified he did not remember assaulting
complainant because he experienced a blackout. However, it was within the province of
the trial court to believe complainant's testimony and infer that the cuts on her leg were
inflicted by the knife that was introduced into evidence. Based on the evidence presented,
we conclude the trial court did not abuse its discretion by weighing the evidence
inappropriately. We overrule issues one, two, and three by which appellant challenges his
conviction for aggravated assault with a deadly weapon and overrule issues one and two
by which he challenges his conviction for assault on a family member.

 Accordingly, the judgments of the trial court are affirmed.

 Don H. Reavis

 Justice

Do not publish.



o judgment as a matter of law. Nixon v. Mr. Property
Management, 690 S.W.2d 546, 548-49 (Tex. 1985). A movant must either prove all
essential elements of his claim, or negate at least one essential element of the
nonmovant's cause of action. See MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986) and
Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). When
determining whether summary judgment was proper, we review the evidence in the light
most favorable to the nonmovant taking all evidence in favor of the nonmovant as true and
resolving all doubts as to the existence of a genuine issue of material fact in its favor. 
Harwell v. State Farm Mut. Auto Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995). Once the
movant has established a right to summary judgment, the nonmovant has the burden to
respond to the motion for summary judgment and present to the trial court any issues that
would preclude it . City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678
(Tex. 1979). Because our analysis of Brucker's first and third points controls our
disposition of the case, we need not address the standard of review for a no-evidence
motion for summary judgment. 

 By points one and three, Brucker argues he was not afforded the notice and
opportunity to be heard mandated by article 18.18, and a genuine issue of material fact
existed precluding summary judgment. We agree. Contrary to the State's assertion in its
motion for rehearing, Brucker's third point is sufficient to allow argument as to all possible
grounds upon which summary judgment should have been denied. See Malooly Brothers,
Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970). Moreover, we must consider rules on
briefing liberally. Tex. R. App. P. 38.9; see also State v. Garland, 963 S.W.2d 95, 101 (Tex
App.-Austin 1998, pet. denied) (quoting Anderson v. Gilbert, 897 S.W.2d 783, 784 (Tex.
1995)). 

 At the outset, we recognize that statutory proceedings seeking forfeiture of property
are civil in nature; therefore, the Rules of Civil Procedure apply. See F & H Investments,
Inc. v. State, 55 S.W.3d 663, 668 (Tex.App.-Waco 2001, no pet.). Because the law
abhors a forfeiture, statutes authorizing forfeiture are strictly construed. See State v. Lot
10, Pine Haven Estates, 900 S.W.2d 400, 402 (Tex.App.-Texarkana 1995, no writ)
(affirming trial court's denial of State's motion for summary judgment in suit seeking
forfeiture of property). Notice and hearing are the process used to protect a property
interest. Elm Creek Owners v. H.O.K. Investments, 12 S.W.3d 494, 498 (Tex.App.-San
Antonio 1999, no pet.). (7) 

 In a civil forfeiture proceeding under article 18.18, once property has been seized
pursuant to a search warrant, the magistrate to whom the warrant is returned must:: (1)
provide written notification of the seizure and imminent forfeiture to the person found in
possession of the property; (2) include a detailed description of the seized property in the
notice; and (3) send the required notice via certified mail, return receipt requested. See
art. 18.18 (b), (c), & (d). Additionally, the statute affords any person interested in the
seized property the opportunity to appear before the magistrate for a show cause hearing
on the 20th day following the date the notice was mailed or posted. See art. 18.18 (e) & (f). 
In brief, a forfeiture proceeding under this statute begins when the State presents an
affidavit to a magistrate and ends after a show cause hearing in which the magistrate
determines whether the seized property should be destroyed or forfeited. Hardy v. State,
102 S.W.3d 123, 127 (Tex. 2003). 

 In its motion for summary judgment, the State expressly grounded its entitlement
to relief upon article 18.18 as authority for the forfeiture. (8) Then, because the State had the
burden to prove all of the essential elements of its claim, it was required to produce
summary judgment evidence showing compliance with the mandates of that article. The
record does not, however, indicate whether the magistrate provided the notice required by
article 18.18. Neither does the record reveal whether an article 18.18 show cause hearing
was conducted following seizure of the property from Prize Palace. In short, the State
failed to present summary judgment evidence that all of the requirements of article 18.18
were satisfied; thus, it did not establish its right to summary judgment. (9) As a result, the trial
court erred in granting the State's motion. (10) Brucker's first and third points are sustained. 
Our disposition of these points precludes our consideration of his remaining points. 

 In addition to a petition for forfeiture of the seized property, the State's motion for
summary judgment included a request, based upon sovereign immunity, that the court
deny Brucker's counterclaim for damages. Alternatively, the State requested that partial
relief be granted, if appropriate. See Tex. R. Civ. P. 166a (e). Therefore, because Brucker
does not challenge the portion of the summary judgment dismissing his counterclaim for
want of jurisdiction, that part of the judgment is affirmed. See Tex. R. App. P. 43.2(c)
(court of appeals may reverse the trial court's judgment in whole or in part and render the
judgment that the trial court should have rendered). Otherwise, the judgment of the trial
court is reversed, and the case remanded for further proceedings.

 Don H. Reavis

 Justice
1. All references to articles are to the Texas Code of Criminal Procedure unless
otherwise designated. (Vernon Supp. 2004). 
2. In its petition, the State requested citation be issued to Olivia Rodriguez and Billy
Stone, who were, respectively, alleged to be the person found in possession of the seized
property and the operator of the business where the seized property was located. Neither
of those individuals is a party to this appeal. 
3. The judge of the 181st District Court was the magistrate who authorized the search
warrant.
4. Brucker did not designate his answer to be included in the clerk's record; however,
the State concedes an answer was filed. 
5. See Tex. R. Civ. P. 166a(c) & (i).
6. Although it appears from the record he was not present when the search warrant
was executed, Brucker conceded in his responses to the State's requests for admissions
that he was the owner of all of the eight-liners seized from Prize Palace. 
7. See also Tex. Const. art. I, § 19 (No citizen of this State shall be deprived of life,
liberty, property, privileges or immunities, or in any manner disfranchised, except by due
course of the law of the land). (Emphasis added). Additionally, it appears that in a
proceeding under article 18.18, a party may request a trial by jury. See State v. One Super
Cherry Master Video, 55 S.W.3d 51, 52 (Tex.App.-Austin 2001) rev'd on other grounds,
102 S.W.3d 132 (Tex. 2003).
8. The unique posture of this case resulted when the State, instead of proceeding with
a trial on the merits through the show cause hearing authorized by article 18.18, elected
to proceed by a motion for summary judgment. While the Rules of Civil Procedure dictate
the mechanism for utilizing summary judgment, they provide no authority for the forfeiture
of property. The State does not reference, nor has our independent review revealed, any
legal authority providing guidelines for the reconciliation of the forfeiture procedures
authorized by the Code of Criminal Procedure with the Rules of Civil Procedure authorizing
summary judgment. 
9. In his response to the State's motion for summary judgment, Brucker argued,
among other things, that (1) the State failed to demonstrate whether the requisite show
cause hearing had been held; or (2) he had been provided with an opportunity to be heard. 
However, because the State failed to meet its burden of proof, the burden did not shift to
Brucker to respond to the motion for summary judgment or present the trial court any
issues that would preclude it. Clear Creek Basin, 589 S.W.2d at 678.
10. The issues considered here were not presented in Twenty-Nine (29) Gambling
Devices v. State, 110 S.W.2d 146 (Tex.App.-Amarillo 2003, no pet. h.).