COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-021-CV

NO. 2-07-023-CV

 

 

$1,943.76 IN UNITED STATES                                              APPELLANT

CURRENCY; THIRTY ONE (31)


A8 LINER@ MACHINES; TWELVE 

(12) ARIZOLA RESTAURANT 

GIFT CARDS; NINETEEN (19)
QUICK

TRIP GIFT CARDS; SIXTY
NINE 

(69) WAL-MART SHOPPING
CARDS;

ONE ARMI TANFOGLIO
GIUSEPPE

.25 PISTOL AND
AMMUNITION;

ONE NORINCO MODEL 54
PISTOL

AND AMMUNITION; ONE (1)
HP

PAVILLION 6830; ONE
MAXELL

3.5 FLOPPY DISK;
MISCELLANEOUS 

NOTEBOOKS, CHECK BOOKS,
AND 

ENUMERATED ITEMS 

 

                                                   V.

 

THE STATE OF TEXAS                                                            APPELLEE



 

                                              ------------

 

                 FROM CRIMINAL
DISTRICT COURT NO. 3 AND THE

                   396TH
DISTRICT
COURT OF TARRANT COUNTY

 

                                              ------------

 

 








                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Billy Joe Farrell, Jr. appeals from the
trial court=s determination with respect to
his property seized under a search warrant. 
In three issues, Appellant argues that the machines and other property
seized were not gambling devices as defined by Texas Penal Code section
47.01(4)(B), that the retroactive application of the Supreme Court of Texas=s
decision in Hardy v. State[2]
is an improper application of law, and that the trial court committed
reversible error by failing to return the property.  Because we hold that the trial court did not
err by determining that the Aeight
liners@ at
issue here are gambling devices, we affirm the trial court=s
judgments.








In 2002, Appellant owned and operated a gaming
business.  As part of his business,
Appellant owned Aeight liner@ gaming
machines.  After a successful play on one
of the machines, a player would be awarded points that could be redeemed for
restaurant or retail gift cards or for credit for further play on the
machines.  In July 2002, Fort Worth
police raided the business and seized the machines (as well as other items)
pursuant to a search warrant. The police also searched, pursuant to a search
warrant, the home of one of the gaming room=s
employees.

The State brought a gambling promotion charge
against Appellant but later dismissed it. 
Appellant then moved for the release of the seized property under
article 18.18 of the code of criminal procedure.[3]  The presiding judge of the 396th District
Court heard the motion while sitting as the 396th District Judge and as the
judge for Criminal District Court Number Three and denied relief, after which
Appellant brought these appeals.

In its brief, the State argues that this court
does not have jurisdiction over this appeal. 
Because we may not reach the merits of the case if we do not have
jurisdiction, we must address this argument.[4]








Article 18.18(b) orders magistrates to take
certain actions with respect to confiscated property, and it neither expressly
provides for nor abrogates the right of appeal from magisterial determinations
under that article.[5]  A forfeiture proceeding is in rem and is
civil in nature.[6]  We have jurisdiction over appeals in civil
matters arising from district courts.[7]  But the State argues that we do not have
jurisdiction over this civil matter because the district court was acting as a
magistrate and appellate courts do not have jurisdiction over determinations by
magistrates under article 18.18.








We disagree.  Under the Texas Constitution, district courts
have jurisdiction over forfeiture proceedings.[8]  The Supreme Court of Texas has held that
because the legislature cannot take away the jurisdiction given to a district
court by the constitution, Athe most
that the Legislature could constitutionally accomplish in [a]rticle 18.18(b)‑(f)[]
was to grant concurrent jurisdiction to a court . . . that was not also a
district court.@[9]  Thus, article 18.18 allows for courts in
addition to district courts to preside over forfeiture proceedings.  Because the district court had jurisdiction
over the forfeiture proceedings by virtue of the constitutional powers granted
to district courts[10]
or the statutory powers granted to courts acting as magistrates,[11]
we have jurisdiction over this appeal.[12]  We overrule the State=s
jurisdictional challenge.








We now
turn to the merits of the appeal.  In
Appellant=s first issue, he argues that
the machines and other property seized were not gambling devices as that term
is defined by Texas Penal Code section 47.01(4)(B).  In Appellant=s brief,
however, he limits his argument to error as to the forfeiture of his Aeight
liner@
machines.  Appellant makes no argument as
to why the other items seized are not gambling devices or not otherwise subject
to forfeiture under article 18.18.[13]  We therefore affirm the trial court=s
judgments as to the other property seized and limit our analysis of his issues
to the Aeight
liners.@[14]

Article
18.18 provides that after a person is convicted for possession of a gambling
device, Athe
court entering the judgment of conviction shall order that the . . . device . .
. be destroyed or forfeited to the state.@[15]  But if no prosecution or conviction results
from the seizure, Athe magistrate to whom the
return was made shall notify in writing the person found in possession of the
alleged gambling device . . . to show cause why the property seized should not
be destroyed.@[16]

If the
person appears to show cause, the magistrate must conduct a hearing, but A[u]nless
the person proves by a preponderance of the evidence that the property . . . is
not . . . [a] gambling device . . . and that he is entitled to possession, the
magistrate shall dispose of the property.@[17]  The article incorporates the penal code
definition of gambling device.[18]








Penal
code section 47.01 defines the term Agambling
device@ as Aany
electronic, electromechanical, or mechanical contrivance . . . that for a
consideration affords the player an opportunity to obtain anything of value,
the award of which is determined solely or partially by chance, even though
accompanied by some skill, whether or not the prize is automatically paid by
the contrivance.@[19]  The definition expressly excludes devices
that would otherwise fall within the statutory definition if they reward
players Aexclusively with
noncash merchandise prizes, toys, or novelties, or a representation of value
redeemable for those items,@ where
the noncash prizes have a value under a certain amount.[20]  No one disputes that the Aeight
liners@ at
issue here meet the general definition of Agambling
device.@  But Appellant argues that at the time the
devices were seized, they came within the exception under section 47.01(4)(B),
in that players were rewarded with noncash merchandise, and no player was
awarded a prize from a single play having a wholesale value more than the
statutorily proscribed amount.








In June
2001, both the Waco and Austin Courts of Appeals handed down decisions reaching
different conclusions as to whether a gambling device that awarded points
redeemable for gift certificates fell within the statutory exception in section
47.01(4)(B).[21]  The Supreme Court of Texas decided this issue
in Hardy and held that these devices are gambling devices.[22]  In Hardy, the devices at issue awarded
tickets redeemable either for gift certificates or for cash for further play on
the machines.  The court held that gift
certificates are a money equivalent, and therefore the machines did not award
tickets redeemable exclusively for noncash prizes and thus did not fit
the exclusion under section 47.01(4)(B). 
The Aeight liners@ owned
by Appellant likewise awarded points that could be redeemed for retail or
restaurant gift certificates or for further play on the machines either at that
time or some time in the future.  Thus,
because Appellant=s gambling devices did not reward
players exclusively with noncash prizes, under Hardy, they do not meet
the exclusion and are prohibited gambling devices.








Appellant
points to the Amarillo Court of Appeal=s
decision in Twenty-Nine (29) Gambling Devices v. State[23]
and argues that the court there Aconceded@ that
before the supreme court=s Hardy decision, there
was a conflict between the Austin and Waco Courts of Appeals and that Aif the
Amarillo court cannot decide whether [the Austin Court of Appeals= holding
in Cherry Master] or [the Waco Court of Appeals= holding
in Hardy] prevails, how can Appellant determine if his business involves
gaming and [not] gambling?@  Appellant misconstrues the opinion.  The Amarillo court noted that prior to Hardy,
there was a split in the courts of appeals as to whether the State bore the
burden of proof at an article 18.18 hearing. 
Regarding the appellant=s
argument that the devices at issue fit the statutory exception because they
awarded points redeemable for gift certificates and not cash, the court stated
that this position was foreclosed by the supreme court=s
decision in Hardy.[24]  We overrule Appellant=s first
issue.








The
supreme court handed down the Hardy decision in 2003, after the State
seized Appellant=s devices.  In Appellant=s third
issue, he argues that the trial court reversibly erred by failing to return the
property because Hardy should not be applied retroactively.  The supreme court has stated that A[a]
decision of [that court] operates retroactively unless [that court] exercises
its discretion to modify that application.@[25]  Here, the supreme court did not announce a
limitation on the retroactive application of Hardy.  On the same day it handed down that decision,
it handed down another case relating to the same type of gambling devices,
referred to Hardy as controlling on the issue, and did not discuss at
all whether Hardy should be applied retroactively or prospectively.[26]

But the
supreme court has also said that although its decisions usually apply
retroactively, Aexceptions are recognized when
considerations of fairness and policy dictate prospective effect only.@[27]  The court adopted factors from the United
States Supreme Court for determining when to apply a decision
retroactively.  The factors are: 

(1) whether the decision
establishes a new principle of law by either overruling clear past precedent on
which litigants may have relied or by deciding an issue of first impression
whose resolution was not clearly foreshadowed; (2) whether prospective or
retroactive application of the particular rule will further or retard its
operation through an examination of the history, purpose, and effect of the
rule; and (3) whether retroactive application of the rule could produce
substantial inequitable results.[28]

 








Appellant
argues that the first element is Aeasily
met@ because
prior to the Hardy decision, courts of appeals had been split on the
issue of whether these devices met the exception of 47.01(4)(B).  We disagree. 
That at least one Texas appellate court had held that these devices did
not meet the statutory exception should have indicated to Appellant that
reasonable minds could reach the same conclusion, and because of the
disagreement between the courts of appeals, one could foresee the likelihood
that the supreme court would consider the issue.[29]  Thus, the first factor does not favor
Appellant.








On the
second factor, Appellant=s argument is that he paid a
permit tax through the city of Fort Worth and a license fee to the state
comptroller.  Thus, a retroactive
application would put the State in the position of having charged taxes on
illegal gambling equipment.  He also
raises the question of whether he would have a cause of action against those to
whom he paid taxes and fees and argues that A[i]t
would be difficult to see why any retroactive application of [Hardy]
would do anything but hinder the Court=s
opinion.@  The rule at issue here is that because money
prizes are prohibited by statute, monetary equivalents are also prohibited, and
none of Appellant=s arguments persuade us that a
retroactive application of the rule would retard its operation.








As for
the third factor, Appellant argues that he bought the devices from the city of
Waco, acquired a permit for his business and a license from the Texas
comptroller, paid for a maintenance contract for a damaged device, paid
amusement tax, purchased gift cards for prizes, purchased restaurant gift
cards, obtained a bank loan to purchase the devices, and was forced to pay the
loan after the devices were seized.  He
contends that the financial hardships he suffered because of the total collapse
of his business after the seizure Awhen a
reasonable person would cite [the Austin Court of Appeals= opinion
in Cherry Master[30]]
as an authority to stay in business is pat[e]ntly unfair,@ and he
should be allowed to sell the machines in a jurisdiction where they are legal
so as to recoup his losses.  These
results are not Asubstantial inequitable results.@  A reasonable person would not have relied on
an opinion from the Austin Court of Appeals as controlling in this district on
an issue that this court had not yet determined.[31]  That is particularly true here when in the
same month that the Austin Court of Appeals decided Cherry Master, the
Waco Court of Appeals reached the opposite conclusion.[32]  And Appellant=s
evidence shows that he acquired the business permit and the license from the
comptroller after the Waco court declared that machines awarding these types of
prizes did not meet the statutory exception, so Appellant could not have
reasonably relied on the Cherry Master holding in making his decision to
run these machines in his business.  We
overrule Appellant=s third issue.

Appellant
in his second issue argues that with the Hardy decision, the supreme
court Achanged
the rules@ by deciding that gift cards are
equivalents of money.  He contends that a
retroactive application of Hardy is an improper application of law
because the federal and Texas constitutions prohibit ex post facto laws.








Prohibitions
against ex post facto laws Aapply to
civil statutes only when the statutory scheme is so punitive either in purpose
or effect as to transform what was clearly intended as a civil remedy into a
criminal penalty.@[33]  A forfeiture proceeding under article 18.18
is civil in nature and is against the property and not the owner of the
property and is therefore usually not punitive.[34]  Thus, a retroactive application of Hardy does
not constitute an ex post facto law.

Appellant
further argues that the seizure of the devices combined with the modification
of the definition of gambling device under Hardy and the application of
that definition to his case Acompletely
impaired Appellant=s obligation with his contract
with Azle Bank.@ 
We infer this to be an argument that a retroactive application of Hardy
would violate the Texas Constitution=s
prohibition against the enactment of a retroactive law impairing the obligation
of contracts.[35]  Appellant did not raise this argument in the
trial court, and he may not raise it now for the first time on appeal.[36]  We overrule his second issue.








Finally,
we address an issue raised during oral arguments in this case.  The State seized Appellant=s
property in July 2002.  The case against
Appellant was dismissed in June 2004.  No
action was taken by the State under article 18.18 after the dismissal, and
Appellant filed a motion for a release of the property in October 2006, more
than two years after the charges were dismissed.  Following oral arguments, the parties filed
supplemental briefs addressing a question raised during argument as to how long
the State may wait to bring a motion for forfeiture under article 18.18 before
the motion is no longer Atimely@ under
the statute and forfeiture is waived.[37]  This issue was not raised in the trial court,
however, and therefore we may not address it on appeal.[38]

Having
overruled all of Appellant=s
issues, we affirm the trial court=s
judgments.

LEE ANN DAUPHINOT

JUSTICE

PANEL: 
DAUPHINOT and MCCOY, JJ.; and DIXON W. HOLMAN, J. (Senior Justice,
Retired, Sitting by Assignment).

 

DELIVERED:  January 29, 2009











[1]See Tex. R. App. P. 47.4.





[2]Hardy v. State, 102 S.W.3d 123 (Tex.
2003).





[3]Tex. Code Crim. Proc.
Ann. art. 18.18(b) (Vernon 2005).





[4]See Grunewald v.
Technibilt Corp., 931 S.W.2d 593, 597 (Tex. App.CDallas 1996, writ denied) (holding that because
the court lacked subject matter jurisdiction, it had no authority other than to
dismiss the appeal); Protestants v. Am. Pubs, Inc., 787 S.W.2d 111, 113
(Tex. App.CHouston [1st Dist.] 1990,
writ denied) (stating that a court must dismiss a case if it becomes apparent
that the court has no authority to adjudicate it).





[5]See Tex. Code Crim. Proc.
Ann. art. 18.18(b).





[6]Hardy, 102 S.W.3d at 126B27.





[7]See Tex. Civ. Prac. &
Rem. Code Ann. ' 51.012 (Vernon 2008).





[8]See Tex. Const. art. V, ' 8.





[9]State v. Dugar, 553 S.W.2d 102, 105
(Tex. 1977).





[10]See Tex. Const. art. V, ' 8.





[11]See Tex. Code Crim. Proc.
Ann. art. 18.18(b)B(f); State ex rel.
Holmes v. Salinas, 784 S.W.2d 421, 424 (Tex. Crim. App. 1990) (orig.
proceeding) (holding no jurisdictional defect and that district court held
position of magistrate Asolely through his office
of district judge@ and therefore his Aauthority to act in the
capacity of magistrate [was] dependent upon his office.@





[12]See Tex. Civ. Prac. &
Rem. Code Ann. ' 51.012; see also
Brown v. Barlow, 685 S.W.2d 406, 407 (Tex. App.CSan Antonio 1985, no
writ) (noting that the Supreme Court of Texas has implicitly held that rulings
by magistrates under article 18.18 are appealable).





[13]See Tex. Code Crim. Proc.
Ann. art. 18.18(b) (Vernon Supp. 2008) (providing for the forfeiture of any
seized Agambling device or
equipment, altered gambling equipment or gambling paraphernalia, gambling
proceeds, prohibited weapon, obscene device or material, child pornography,
scanning device or re‑encoder, criminal instrument, or dog‑fighting
equipment@ unless cause is shown
why it should not be forfeited).





[14]See Pat Baker Co., Inc.
v. Wilson, 971 S.W.2d 447, 450 (Tex. 1998) (AIt is axiomatic that an
appellate court cannot reverse a trial court=s judgment absent properly assigned error.@).





[15]Tex. Code Crim. Proc.
Ann. art. 18.18(a).





[16]Id. art. 18.18(b).





[17]Id. art. 18.18(f).





[18]Id. art. 18.18(g)(2).





[19]Tex. Penal Code Ann. ' 47.01(4) (Vernon 2003).





[20]Id. ' 47.01(4)(B) (emphasis
added).





[21]Compare State v. One
Super Cherry Master Video 8‑Liner Mach., 55 S.W.3d 51, 55 (Tex. App.CAustin 2001), rev=d, 102 S.W.3d 132 (Tex.
2003), with Hardy v. State, 50 S.W.3d 689, 697 (Tex. App.CWaco 2001), aff=d, 102 S.W.3d 123 (Tex.
2003).





[22]Hardy, 102 S.W.3d at 131.





[23]110 S.W.3d 146 (Tex. App.CAmarillo 2003, no pet.).





[24]Id. at 151.





[25]Bowen v. Aetna Cas. &
Sur. Co.,
837 S.W.2d 99, 100 (Tex. 1992).





[26]State v. One Super Cherry
Master Video 8‑Liner Machine, 102 S.W.3d 132, 133 (Tex. 2003).





[27]Elbaor v. Smith, 845 S.W.2d 240, 250
(Tex. 1992).





[28]Id.





[29]Cf. id. (determining
that the case represented an issue of first impression whose resolution was not
clearly foreshadowed because Aonly a couple of states [had] previously@ reached the same holding
and that A[t]he only Texas opinion
which even hinted@ at such a holding was
one concurring opinion).





[30]Cherry Master, 55 S.W.3d at 55.





[31]See Eubanks v. Mullin, 909 S.W.2d 574, 576 n.1
(Tex. App.CFort Worth 1995, no writ)
(noting that the opinions of other courts of appeals are persuasive but not
controlling).





[32]See Hardy, 50 S.W.3d at 697.





[33]Real Prop. Located at
4125 Blanton, Wichita Falls, Wichita County, Tex., With a Legal Description of
Lot 1 Block 4 Univ. Park B1, Wichita County, Tex. v. State, 230 S.W.3d 476, 483
(Tex. App.CFort Worth 2007, pet.
denied).





[34]See id. (holding that civil
forfeiture proceedings under chapter 59 of the code of criminal procedure Aare civil, in rem
proceedings against property rather than against the defendant and are not
normally classified as punishment@); Hardy, 102 S.W.3d at 126B27 (noting that
forfeiture proceedings under article 18.18 are civil, in rem proceedings).





[35]See Tex. Const. art. I, ' 16; Wessely Energy
Corp. v. Jennings, 736 S.W.2d 624, 627 (Tex. 1987).





[36]See In re J.B.W., 99 S.W.3d 218, 225
(Tex. App.CFort Worth 2003, pet.
denied) (AThere is no right to
complain of unpreserved trial court error for the first time on appeal, except
when the error is fundamental.@).





[37]See Tex. Code Crim. Proc.
Ann. art. 18.18(b) (requiring law enforcement agency informed by the State that
no prosecution will result from seizure to Atimely@ make motion for show cause hearing on forfeiture).





[38]See Tex. R. App. P. 33.1(a);
Pat Baker Co., 971 S.W.2d at 450 (holding that appellate court may not
reverse based on a complaint not raised in the trial court).