October 22, 2010

Ms. Mary Ann Williamson, Chair
Texas Lottery Commission
Post Office Box 16630
Austin, Texas 78761-6630

The Honorable Senfronia Thompson
Chair, Committee on Local and Consent
    Calendars
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0812

Re: Whether bingo gift certificates and similar items constitute "noncash merchandise prizes, toys or novelties" under section 47.01(4)(B) of the Penal Code and whether certain business practices, which may be used by charities that conduct bingo to maximize their net proceeds, comply with chapter 2001, Occupations Code, and other applicable law (RQ-0884-GA)

Dear Ms. Williamson and Representative Thompson:

You each have submitted questions asking about the legality, under Texas gaming laws, of amusement machines that award bingo merchandise. Representative Thompson asks whether the operation of such machines "compl[ies] with Chapter 2001, Occupations Code, and other applicable law."[1] Ms. Williamson asks whether bingo cards, card-minding devices, and pull-tab bingo, or a gift certificate for the same, "are considered 'noncash merchandise prizes, toys or novelties' under Tex. Penal Code § 47.01(4)(B)."[2] Because of the similar nature of your requests, we have combined them and provide this single response.

Under the Penal Code, "[a] person commits an offense if, with the intent to further gambling, he knowingly owns, manufactures, transfers, or possesses any gambling device." TEX. PENAL CODE ANN. § 47.06(a) (West 2003). "Gambling device" is defined as

> any electronic, electromechanical, or mechanical contrivance not excluded under Paragraph (B) that for a consideration affords the player an opportunity to obtain anything of value, the award of which is determined solely or partially by chance, even though accompanied

---

[1]Thompson Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

[2]Williamson Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

by some skill, whether or not the prize is automatically paid by contrivance. The term:

(A) includes, but is not limited to, gambling device versions of bingo, keno, blackjack, lottery, roulette, video poker, or similar electronic, electromechanical, or mechanical games, or facsimiles thereof, that operate by chance or partially so, that as a result of the play or operation of the game award credits or free games, and that record the number of free games or credits so awarded and the cancellation or removal of the free games or credits; and

(B) does not include any electronic, electromechanical, or mechanical contrivance designed, made, and adapted solely for bona fide amusement purposes if the contrivance rewards the player exclusively with noncash merchandise prizes, toys, or novelties, or a representation of value redeemable for those items, that have a wholesale value available from a single play of the game or device of not more than 10 times the amount charged to play the game or device once or $5, whichever is less.

*Id.* § 47.01(4). You both explain that some amusement machines, commonly referred to as eight liners, award coupons or tickets that are redeemable for bingo cards, card-minding devices, and pull-tab bingo.[3] *See* Williamson Request Letter at 2; Thompson Request Letter at 1. Some also award bingo gift certificates that can be used to purchase the same. Williamson Request Letter at 2. Your requests therefore require us to determine whether these awards constitute "noncash merchandise prizes, toys, or novelties, or a representation of value redeemable for those items, that have a wholesale value available from a single play of the game or device of not more than 10 times the amount charged to play the game or device once or $5, whichever is less." TEX. PENAL CODE ANN. § 47.01(4)(B) (West 2003).

Substantial litigation has arisen in Texas surrounding the rewards provided through eight-liner machines and whether those rewards constitute noncash merchandise prizes. Relevant to your

---

[3]This office has previously explained that an eight liner "is an electronic device, resembling a slot machine, on which a person wins by 'matching symbols in one of eight lines – three horizontal, three vertical, and two diagonal.'" Tex. Att'y Gen. Op. No. GA-0527 (2007) at 2 (quoting *Hardy v. State*, 102 S.W.3d 123, 125 (Tex. 2003)). The Bingo Enabling Act defines "pull-tab bingo" as "a form of bingo played using tickets with perforated break-open tabs, made of paper or paper products, the face of which is covered or otherwise hidden from view to conceal numbers, letters, or symbols, some of which have been designated in advance as prize winners." TEX. OCC. CODE ANN. § 2001.002(24) (West Supp. 2010). The Texas Lottery Commission has defined "bingo card/paper" as "[a] hard card, disposable bingo card/paper, shutter card, or any other bingo card/paper approved by the Commission." 16 TEX. ADMIN. CODE § 402.301(a)(1) (2010) (Tex. Lottery Comm'n, Bingo Card/Paper). It has defined "card-minding device" as "[a]n electronic or mechanical device, either portable or fixed-base, that is used by a bingo player to mark representations of bingo card faces stored in the device." *Id.* § 402.302(a)(2)(A) (2010) (Tex. Lottery Comm'n, Card-Minding Systems).

requests, courts have consistently concluded that cash or credit to be used for further play is an award of value to the recipient and not a noncash merchandise prize, toy, or novelty falling under the "fuzzy animal" exclusion of section 47.01(4)(B). *Hardy v. State*, 102 S.W.3d 123, 132 (Tex. 2003); *In re Fifty-One Gambling Devices*, 298 S.W.3d 768, 778 (Tex. App.—Amarillo 2009, pet. denied) (concluding that rewards of tickets that were then converted to cash by an employee and deposited into a machine for additional play were not noncash merchandise prizes); *Elmore v. State*, 116 S.W.3d 809, 813 (Tex. App.—Fort Worth 2003, pet. ref'd) (concluding that "[c]ash to be used for play on another machine is not a noncash merchandise prize").

Awards for bingo cards or pull-tab bingo are analogous to awarding credit for further play. Although the winners may not receive awards for further play on the same machine, winners on the eight-liner machines receive the opportunity to play bingo or pull-tab bingo for free when they would otherwise be required to pay for that opportunity. *See* TEX. OCC. CODE ANN. § 2001.056(d) (West 2004) (providing that a bingo card may not be sold "at a price other than a price authorized by the commission or a schedule adopted by the commission"). Because Texas courts have consistently concluded that an award for further play does not fall within the statutory exception to gambling device, we conclude that an eight liner that awards bingo cards, card-minding devices and pull-tab bingo is not rewarding "the player exclusively with noncash merchandise prizes, toys, or novelties."[4] TEX. PENAL CODE ANN. § 47.01(4)(B) (West 2003).

Furthermore, to qualify for the gambling device exclusion in section 47.01(4)(B), the eight liners at issue must be "designed, made and adapted *solely* for bona fide amusement purposes." *Id.* (emphasis added). By awarding bingo cards, card-minding devices, and pull-tab bingo, or gift certificates for the same, an additional effect of the eight liners is to encourage individuals playing them to play other bingo games as well. Whether the machines were designed, made and adapted for that purpose will be a fact question that this office cannot decide. However, to the extent that the eight liners were designed, made and adapted for the purpose of encouraging participants to play other bingo games, they are not solely for amusement and thus are gambling devices.

Ms. Williamson also asks whether a gift certificate issued by an organization licensed to conduct bingo that is redeemable for bingo cards, card-minding devices and pull-tab bingo is considered a noncash merchandise prize. Williamson Request Letter at 1. A number of Texas courts have considered the legal status of eight-liner machines that award prizes such as gift certificates, or tickets redeemable at various retail establishments. Those courts determined that such machines are gambling devices and do not meet the requirement for exclusion under section 47.01(4)(B). *See Hardy*, 102 S.W.3d at 131 (addressing eight liners that awarded five-dollar gift certificates, redeemable for merchandise at Wal Mart); *State v. One Super Cherry Master Video 8-Liner Machine*, 102 S.W.3d 132, 133 (Tex. 2003) (concluding that eight liners that dispense gift certificates redeemable at local retailers do not, as a matter of law, meet the gambling device

---

[4]Your request suggests that the eight liners at issue each award "bingo cards or paper, electronic or mechanical card-minding devices, *and* pull-tab bingo" or gift certificates redeemable for the same. Williamson Request Letter at 1 (emphasis added). We therefore address whether these items collectively constitute noncash merchandise prizes, toys, or novelties.

exclusion under section 47.01(4)(B)). In concluding that such eight liners were gambling devices, the Texas Supreme Court explained that the gift certificate "reward operates in the same manner as legal tender in a retail establishment, [and] it does not qualify as a noncash merchandise prize, toy or novelty item." *Hardy*, 102 S.W.3d at 132. While the gift certificates that you describe are redeemable only at bingo establishments, they are analogous to the gift certificates addressed in *Hardy* in that they are a medium of exchange and are redeemable for merchandise that would otherwise cost money. *See id.* Like the gift certificates redeemable at other retail establishments, gift certificates used to purchase bingo cards, card-minding devices, and pull-tab bingo do not constitute noncash merchandise prizes. Thus, an eight liner that issues such certificates does not fall within the exception of section 47.01(4)(B) and is a gambling device, possession of which is generally prohibited under subsection 47.06(a) of the Penal Code.[5]

---

[5]Because we conclude that amusement machines that award bingo cards, card-minding devices and pull-tab bingo, or gift certificates redeemable for the same, are gambling devices generally prohibited under Texas gaming laws, we do not separately address whether they otherwise comply with chapter 2001 of the Occupations Code. We note, however, that whether a specific machine complied with the many requirements found in that chapter would involve multiple fact questions inappropriate for an attorney general opinion.

## S U M M A R Y

Texas courts have repeatedly considered the legal status of eight-liner machines that award gift certificates redeemable at retail establishments or tickets redeemable for further play and have determined that those machines are gambling devices and do not meet the requirements for exclusion under subsection 47.01(4)(B) of the Penal Code. Similarly, a device that awards bingo cards or paper, card-minding devices and pull-tab bingo, or gift certificates redeemable for the same, is not rewarding the player exclusively with "noncash merchandise prizes, toys, or novelties," under subsection 47.01(4)(B) of the Penal Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee