February 27, 2012

The Honorable Lisa Pence
Erath County Attorney
100 West Washington
Stephenville, Texas   76401

Opinion No.  GA-0913

Re:  Whether an eight-liner machine that dispenses tickets for prizes redeemable only at the bingo hall in which the machine is located is a "gambling device" within the meaning of section 47.01(4) of the Penal Code   (RQ-0995-GA)

Dear Ms. Pence:

You write seeking an opinion about eight-liner machines at a bingo hall.[1]  Your request letter indicates that a "local bingo hall wants to install eight-liner machines that dispense tickets that can be redeemed only at the bingo hall, only on the night in question, for items such as daubers, bingo play cards, and items from the concession stand." Request Letter at 1.  According to your letter, the "tickets would have no value outside of the bingo hall." *Id.*  You believe the bingo hall's proposed eight liner operations "would not be in compliance with the subsection 47.01(4)(B) exception." *Id.*  Thus, you ask this office to "provide a more detailed explanation of items that would fall within the 'noncash merchandise prize, toy or novelty exception'" in Penal Code subsection 47.01(4)(B). *Id.* at 2.

Chapter 47 of the Penal Code creates criminal offenses involving possession or use of a "gambling device." *See* TEX. PENAL CODE ANN. §§ 47.02(a)(3) (West 2011) (providing that "[a] person commits an offense if he . . . plays and bets for money or other thing of value at any game played with . . . any other gambling device"), 47.06(a) ("A person commits an offense if, with the intent to further gambling, he knowingly owns, manufactures, transfers, or possesses any gambling device that he knows is designed for gambling purposes or any equipment that he knows is designed as a subassembly or essential part of a gambling device.").  A "gambling device" is

---

[1]*See* Letter from Honorable Lisa Pence, Erath County Attorney, to Honorable Greg Abbott, Attorney General of Texas at 1 (Sept. 19, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter"). You do not describe the eight-liner machines at issue, but typically an eight-liner machine is "an electronic device, resembling a slot machine, on which a person wins by 'matching symbols in one of eight lines—three horizontal, three vertical, and two diagonal.'" Tex. Att'y Gen. Op. No. GA-0527 (2007) at 2 (quoting *Hardy v. State*, 102 S.W.3d 123, 125 (Tex. 2003)).

> any electronic, electromechanical, or mechanical contrivance not excluded under Paragraph (B) that for a consideration affords the player an opportunity to obtain anything of value, the award of which is determined solely or partially by chance, even though accompanied by some skill, whether or not the prize is automatically paid by the contrivance.

*Id.* § 47.01(4); *see also id.* § 47.01(4)(A) (providing a nonexclusive list of specific items that are gambling devices). As a general matter, eight-liner machines meet the statutory definition of an illegal "gambling device." *See Hardy v. State*, 102 S.W.3d 123, 131 (Tex. 2003) ("In this case, the Hardy's do not contend that the seized eight-liners are not gambling devices under the general definition in 47.01(4).").

As your request letter notes, the Penal Code contains a limited exception that excludes certain devices that might otherwise meet the statutory definition of a "gambling device." Request Letter at 1. That limited exception excludes devices that meet the following requirements:

> any electronic, electromechanical, or mechanical contrivance designed, made, and adapted solely for bona fide amusement purposes if the contrivance rewards the player exclusively with noncash merchandise prizes, toys, or novelties, or a representation of value redeemable for those items, that have a wholesale value available from a single play of the game or device of not more than 10 times the amount charged to play the game or device once or $5, whichever is less.

TEX. PENAL CODE ANN. § 47.01(4)(B) (West 2011). Thus, you ask whether the eight-liner machines described in your request letter meet the requirements provided in subsection 47.01(4)(B) of the Penal Code and are therefore not illegal gambling devices. *See* Request Letter at 2.

According to your request letter, the bingo hall proposes to install eight-liner machines that will dispense tickets which are redeemable for bingo cards at the location where the machines would be installed. *See id.* at 1. Limiting the eight liners' redemption tickets to the bingo hall where the machines are located does not meet the requirements necessary to satisfy the Penal Code's subsection 47.01(4)(B) exclusion. We previously opined that gift certificates redeemable at only a bingo establishment are still analogous to gift certificates that the Texas Supreme Court has determined to be outside the scope of the subsection 47.01(4)(B) exclusion. *See* Tex. Att'y Gen. Op. No. GA-0812 (2010) at 4; *see also Hardy*, 102 S.W.3d at 132 (concluding that a gift certificate "reward operates in the same manner as legal tender in a retail establishment, [and] it does not qualify as a noncash merchandise prize, toy or novelty item").

We have also previously opined that awards redeemable for bingo cards, card minding devices, and pull-tab bingo are analogous to awarding cash or credit for further play. Tex. Att'y Gen.

Op. No. GA-0812 (2010) at 3. Texas courts have held that awarding cash or credit for further play does not fall within the subsection 47.01(4)(B) exclusion. *Hardy*, 102 S.W.3d at 132; *In re Fifty-One Gambling Devices*, 298 S.W.3d 768, 778 (Tex. App.—Amarillo 2009, pet. denied); *Elmore v. State*, 116 S.W.3d 809, 813 (Tex. App.—Fort Worth 2003, pet. ref'd). Citing appellate court decisions and the Texas Supreme Court in *Hardy*, Opinion GA-0812 found that awarding credit for further play constitutes an award of value that is not a "noncash" merchandise prize, toy or novelty. *See* Tex. Att'y Gen. Op. No. GA-0812 (2010) at 3–4. We determined in Opinion GA-0812 that awards redeemable for bingo cards are analogous to the exchange of a ticket for further play discussed in the *Hardy* decision. *See id.* at 4. Accordingly, we concluded that an eight-liner machine awarding credit for further bingo play does not satisfy subsection 47.01(4)(B) and therefore does not qualify for the Penal Code's exclusionary provision. *See id.* The conclusion reached in Opinion GA-0812 applies to your question to the extent you inquire about eight-liner machines in a bingo hall dispensing tickets redeemable for bingo play cards.

Under the express language of the Penal Code, subsection 47.01(4)(B) excludes only a contrivance or machine that rewards players "*exclusively* with noncash merchandise prizes, toys, or novelties, or a representation of value redeemable for those items." TEX. PENAL CODE ANN. § 47.01(4)(B) (West 2011) (emphasis added); *see also Hardy*, 102 S.W.3d at 131 ("Eight-liners fall within the statutory exclusion only if they reward players 'exclusively with noncash merchandise prizes, toys, or novelties, or a representation of value redeemable for those items.'"). The fact that the eight-liner machines you describe issue tickets redeemable for bingo play cards—which we have concluded do not constitute noncash merchandise prizes, toys, or novelties—necessarily means that the machines do not reward players "*exclusively* with noncash merchandise prizes, toys, or novelties, or a representation of value redeemable for those items." TEX. PENAL CODE ANN. § 47.01(4)(B) (West 2011) (emphasis added). Accordingly, the eight-liner machines here are not included within the scope of subsection 47.01(4)(B) and are, therefore, illegal gambling devices under the Penal Code.[2]

Your question focuses on whether the eight-liner machines described in your letter constitute illegal gambling devices. *See* Request Letter at 1–2. However, given the Penal Code's broad prohibition on gambling devices—and narrow exclusionary provisions—the very nature of an eight-liner machine renders it highly suspect as a legal matter. For a device to qualify for the Penal Code's narrow exception, it must satisfy the plain language of subsection 47.01(4)(B), which requires that the machine be "designed, made, and adapted solely for bona fide amusement purposes." TEX. PENAL CODE ANN. § 47.01(4)(B) (West 2011); *see* TEX. GOV'T CODE ANN. § 311.011(a) (West 2005) (requiring words and phrases to be construed according to common usage). Absent a Texas judicial opinion construing this phrase, we consider the definitions of its terms in order to determine subsection 47.01(4)(B)'s meaning and scope. One Texas court has construed the term "designed"

---

[2]Because we conclude that the machines here are gambling devices generally prohibited under Texas gaming laws, we do not separately address whether they otherwise comply with chapter 2001 of the Occupations Code. Such an inquiry would involve numerous fact questions inappropriate for an attorney general opinion. *See e.g.*, Tex. Att'y Gen. Op. No. GA-0751 (2009) at 1 ("This office does not resolve questions of fact in the opinion process.").

to mean "intended." *Williams v. State*, 264 S.W.2d 731, 733 (Tex. Crim. App. 1954); *see also* IV OXFORD ENGLISH DICTIONARY 519 (2d ed. 1989) (defining "design" to mean "purpose, aim, intention"). "Made" means "'produced or manufactured artificially' and 'put together of various ingredients.'" *In re Bigler, L.P.*, 458 B.R. 345, 376 (Bankr. S.D. Tex. 2011); *see* IX OXFORD ENGLISH DICTIONARY 174 (2d ed. 1989) (defining "made" to mean "produced or obtained by 'making' as distinguished from other modes of origin or acquisition"). The term "adapted" means "'to make suitable or fit (as in for a particular use, purpose, or situation), by means of physical change, modification, or alteration.'" *Chopps v. State*, 79 S.W.3d 258, 263 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (citation omitted); *see* I OXFORD ENGLISH DICTIONARY 139 (2d ed. 1989) (defining "adapted" to mean "fitted; fit suitable" and "modified so as to suit new conditions"). Thus, for an eight-liner machine to be legal, the machine must be intended, produced *and* made fit solely for bona fide amusement purposes.

Texas courts have defined the word "solely" to mean "singly; alone; only; without another." *Consol. Underwriters v. Wilson*, 111 S.W.2d 865, 866 (Tex. Civ. App.—Texarkana 1937, writ dism'd) (citation omitted), *Standard Life & Accident Ins. Co. v. Roberts*, 318 S.W.2d 757, 761 (Tex. Civ. App.—Amarillo 1958, writ dism'd); *see also* Tex. Att'y Gen. Op. No. H-943 (1977) at 2. "Bona fide" means "made in good faith; without fraud or deceit." BLACK'S LAW DICTIONARY 199 (9th ed. 2009). Finally, "'amusement'" means "'a pastime, an entertainment.'" *Hegman v. State*, 227 S.W. 954, 957 (Tex. Crim. App. 1920) (citation omitted); *see* I OXFORD ENGLISH DICTIONARY 421 (2d ed. 1989) (defining "amusement" to mean "[t]he action of amusing, or a thing done to amuse"). Putting these definitions together, subsection 47.01(4)(B)'s exclusion includes only those machines that are in good faith intended, produced, and made fit only for the single, limited purpose of entertainment. Thus, for an eight-liner machine to qualify for the exclusion under the Penal Code, the device must in good faith be intended, produced, and made fit for the single purpose of entertainment. *See cf.* House Research Organization, Bill Analysis, Tex. S.B. 522, 73d Leg., R.S. (1993) at 2 (stating that subsection 47.01(4)(B) was added to "ensure that video poker games and other electronic gambling games would fall under the gambling device definition"). Accordingly, if an eight-liner machine is designed, made or adapted as anything other than a pure amusement device, the machine cannot meet the requirement of subsection 47.01(4)(B) and is therefore illegal.

Further, we note that Texas courts have previously found that an eight-liner machine may be used for gambling purposes. *See Hardy*, 102 S.W.3d at 132; *see also State v. One Super Cherry Master Video 8-Liner Mach.*, 102 S.W.3d 132, 133 (Tex. 2003) (holding eight-liner machines in case constituted gambling devices); *Elmore*, 116 S.W.3d at 806 (same). Thus, even if an eight-liner machine may have some entertainment value, if it was nonetheless created or produced with the purpose or intention that it could also serve gambling purposes, then the machine's sole and exclusive purpose is not entertainment. Accordingly, it is unlikely eight-liner machines satisfy the standard for subsection 47.01(4)(B)'s limited exclusion. Such machines are therefore likely to constitute illegal gambling devices under all circumstances.

## S U M M A R Y

Because the eight-liner machines described in your request issue tickets redeemable for items that do not constitute noncash merchandise prizes, toys, or novelties, the machines do not meet the standard for the illegal gambling device exception provided in subsection 47.01(4)(B), Penal Code.  Accordingly, the eight-liner machines are illegal gambling devices under the Penal Code.

If an eight-liner machine is designed, made or adapted as anything other than a pure amusement device, the machine cannot meet the requirement of subsection 47.01(4)(B) and is therefore illegal.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee