

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00478-CR

DAVID ALBERTO DOZAL                                                      APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

### FROM THE 415TH DISTRICT COURT OF PARKER COUNTY
### TRIAL COURT NO. CR12-0232

----------

## MEMORANDUM OPINION[1]

----------

In six points, appellant David Alberto Dozal appeals his convictions for two counts of aggravated robbery. He contends that the trial court abused its discretion by denying his motion for mistrial, by sustaining two of the State's evidentiary objections, and by overruling his objections during jury arguments. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Background Facts

Doris Geer and her husband Joe Geer live at a home in Weatherford. One evening in March 2012, Doris was watching television there when a doorbell rang. When Joe answered the door, two men who were displaying guns, including Daniel Anderson, entered the home by force and commanded Joe to lie on the floor while threatening to "blow [his] . . . head off." The other robber, identified by Doris and Joe at trial as appellant, saw Doris, held a gun to her head, took her iPhone, and asked, "Where is your money?"

Doris gave appellant her wallet. Joe gave Anderson his wallet, which contained credit cards and about $100. Eventually, the men instructed Doris to lie on the floor close to Joe as they retrieved items (including jewelry and guns) from a safe that Doris had opened. After the men also took Doris's purse and Joe's cell phone and appellant loaded items into a car, Jacki Martin, with whom appellant had a romantic relationship, drove the robbers away from the Geers' home. Doris got up and called 911. Later that night, a gas station's surveillance system recorded the presence of appellant, Anderson, and Martin together.

The police received "pings" from Doris's cell phone that indicated that the phone was taken to the block where appellant lived. Other evidence linked Anderson to the robberies, and while talking to the police, he admitted his participation and implicated appellant in committing them. The police found items from the robberies in appellant's house. During a custodial interview, when an officer told appellant that the police had "nailed [him] down" on the robberies,

2

he nodded. Stemming from the incident at the Geers' home, Anderson pled guilty to two counts of aggravated robbery, was convicted, and was sentenced to thirty years' confinement for each count.

A grand jury indicted appellant with two counts of aggravated robbery.[2] After he pled not guilty and the parties presented the case to a jury,[3] for each count, the jury convicted him and assessed his punishment at seventy years' confinement. The trial court sentenced appellant in accordance with the verdicts and ordered the sentences to run concurrently. Appellant brought this appeal.

## Exclusion of Evidence

In his second and third points, appellant argues that the trial court erred by sustaining the State's objections to two of his questions to Martin. Concerning appellant's second point, during his guilt-phase cross-examination of Martin, she testified that she was a recovering drug addict. Appellant asked her how long she had been addicted, and the State objected to the question on the ground that

---

[2]For trial, the court consolidated these counts with a burglary charge from another cause number. The jury found that appellant was not guilty of burglary but convicted him of theft in that case. Appellant filed a notice of appeal in both cases but later sought to withdraw the notice of appeal as to the theft conviction. We granted appellant's request and dismissed his appeal of the theft conviction. *See Dozal v. State*, No. 02-13-00477-CR, 2013 WL 5674990, at *1 (Tex. App.—Fort Worth Oct. 17, 2013, no pet.) (mem. op., not designated for publication). Therefore, this appeal concerns only appellant's convictions for aggravated robbery. Accordingly, we focus our brief summary of the facts on evidence related to appellant's aggravated robbery convictions.

[3]Anderson and Martin testified at trial about appellant's involvement in the robberies. Martin was confined and was awaiting trial for the Geers' robberies at the time of her testimony.

it was irrelevant and was an improper form of impeachment. The trial court overruled the State's objection, and Martin testified that she had been addicted "[a]bout five years." When appellant asked Martin whether she had ever requested treatment for her addiction, she answered, "No, sir." Immediately afterwards, the State again objected as to relevance. Appellant argued that the question was relevant because an untreated drug addiction could have impacted Martin's ability to perceive and recollect facts.[4] The trial court sustained the State's objection but did not instruct the jury to disregard the answer to the question.

Assuming, without deciding, that the trial court erred by sustaining the State's objection, such an error is not reversible unless it harmed appellant by affecting his substantial rights. *See* Tex. R. App. P. 44.2(b); *Walters v. State*, 247 S.W.3d 204, 219 (Tex. Crim. App. 2007) ("The erroneous exclusion of evidence offered under the rules of evidence generally constitutes non-constitutional error and is reviewed under Rule 44.2(b)."); *Elmore v. State*, 116 S.W.3d 809, 815 (Tex. App.—Fort Worth 2003, pets. ref'd) (explaining that we review the exclusion of evidence under rule 44.2(b)'s nonconstitutional harm standard where the exclusion "is the result of misapplication of the rules of evidence and its admission is not claimed to be required by the United States or

---

[4]Martin had already testified without objection that she had not received treatment for her drug addiction in "any kind of a psychiatric or medical . . . location."

4

state constitutions").[5]  A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict.  *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

When a witness answers a question and the trial court later sustains an objection to the question but does not instruct the jury to disregard the answer, the answer remains "before the jury" to be freely considered.  *See Estrada v. State*, 313 S.W.3d 274, 313 (Tex. Crim. App. 2010), *cert. denied*, 131 S. Ct. 905 (2011); *Hicks v. State*, Nos. 02-10-00075-CR, 02-10-00076-CR, 2011 WL 2436818, at *1–2 (Tex. App.—Fort Worth June 16, 2011, pet. ref'd) (mem. op., not designated for publication) (citing *Wills v. State*, 867 S.W.2d 852, 855 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd)).  Thus, because the jury could have considered Martin's answer that she had not requested treatment for her addiction despite the trial court's sustaining of an objection to the question leading to that answer, we cannot conclude that the record establishes harm under rule 44.2(b).  *See* Tex. R. App. P. 44.2(b); *Hicks*, 2011 WL 2436818, at *1–2; *see also Smith v. State*, 355 S.W.3d 138, 152 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) ("Generally, no harm results when a jury is not instructed to disregard a witness's answer after an objection is sustained."); *Rodriguez v. State*, 903 S.W.2d 405, 410 (Tex. App.—Texarkana 1995, pet. ref'd) ("Where an

---

[5]Appellant does not expressly argue that we should review harm on this point under rule 44.2(a)'s standard for constitutional error.  *See* Tex. R. App. P. 44.2(a).

objection is made and sustained, but no motion is made to strike the answer or to instruct the jury not to consider, the testimony is before the jury for whatever it is worth. Because this portion of the evidence was not excluded from the jury's consideration, Rodriguez was not damaged by the court's ruling." (footnote omitted)). We therefore overrule appellant's second point.

Relating to appellant's third point, during the punishment phase of the trial, the State recalled Martin to testify. In appellant's cross-examination of her, he asked about the offense for which she was previously confined in jail. The State objected on the ground that the question sought improper impeachment under rule of evidence 609. Appellant argued that the State had opened the door for such testimony. The trial court did not rule on the objection; instead, appellant withdrew the question. Then appellant asked Martin, "What had you been convicted of?" The State again objected, and the trial court sustained the objection.

Appellant contends on appeal that Martin's answer to the question would have been material and relevant because it would have affected her credibility. He also argues that the exclusion of the answer "contributed to the near maximum punishment assessed" against him. But the State contends that appellant failed to preserve this point because he did not prove what Martin's answer would have been through a bill of exception or an offer of proof.

To preserve error when evidence is excluded, the substance of the excluded evidence must be shown unless it is apparent from the context of the

questions asked. Tex. R. App. P. 33.2; Tex. R. Evid. 103(a)(2); *Holmes v. State*, 323 S.W.3d 163, 168 (Tex. Crim. App. 2009) ("The primary purpose of the offer of proof is to enable an appellate court to determine whether the exclusion was erroneous and harmful."); *Mays v. State*, 285 S.W.3d 884, 889–90 (Tex. Crim. App. 2009). Error may be preserved by an offer of proof in question and answer form or in the form of a concise statement by counsel. Tex. R. Evid. 103(b); *Holmes*, 323 S.W.3d at 168. Error is not preserved if the offer of proof is inadequate. *Holmes*, 323 S.W.3d at 171; *see also Mays*, 285 S.W.3d at 890–91 (holding that error was not preserved when a defendant failed to proffer, with some degree of specificity, the substantive evidence he intended to present).

Here, the record does not disclose what Martin's answer to appellant's question about her previous confinement would have been, nor does the context of the question disclose the answer. Thus, we conclude that appellant failed to preserve error as to this point, and we overrule it. *See* Tex. R. Evid. 103(a)(2); *Mays*, 285 S.W.3d at 890–91; *Roberts v. State*, 220 S.W.3d 521, 532 (Tex. Crim. App.), *cert. denied*, 552 U.S. 920 (2007); *Bundy v. State*, 280 S.W.3d 425, 428–29 (Tex. App.—Fort Worth 2009, pet. ref'd).

### Denial of Motion for Mistrial

In his first point, appellant argues that the trial court erred by denying his motion for mistrial. We review a trial court's denial of a motion for mistrial under an abuse of discretion standard and uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Marchbanks v. State*, 341 S.W.3d 559, 561

7

(Tex. App.—Fort Worth 2011, no pet.). "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Id.* A mistrial is appropriate only for a narrow class of highly prejudicial and incurable errors and may be used to end trial proceedings when the error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Id.* at 561–62; *see Whitney v. State*, 396 S.W.3d 696, 703–04 (Tex. App.—Fort Worth 2013, pet. ref'd) (mem. op.).

In the guilt phase of the trial, the State's direct examination of Martin included questions concerning her and appellant's activities on the day of the robberies. During her testimony, while responding to an open-ended question by the State, she began to explain that appellant knew a friend "from TDC." Appellant interrupted the testimony by objecting under rules of evidence 401 through 404. He argued that the testimony violated a motion in limine and that it was unresponsive. The trial court sustained the objection to the extent that the testimony was unresponsive, denied appellant's motion for mistrial, and instructed the jury to disregard Martin's answer.[6] On appeal, appellant argues that Martin's "TDC" reference violated his motion in limine and that "evidence showing [he] was a criminal could not help but [have impacted] the jury's verdict."

An instruction to disregard testimony regarding extraneous offenses is sufficient to cure an alleged harm "unless it appears the evidence was so clearly

---

[6]Appellant appears to be mistaken in arguing that a "request for an instruction to disregard . . . [was] denied."

calculated to inflame the minds of the jury or is of such damning character as to suggest it would be impossible to remove the harmful impression from the jury's mind." *Drake v. State*, 123 S.W.3d 596, 603–04 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (quoting *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992), *cert. denied*, 508 U.S. 918 (1993)); *see Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000) ("Ordinarily, a prompt instruction to disregard will cure error associated with an improper question and answer, even one regarding extraneous offenses."). We will generally presume that a jury has followed an instruction to disregard testimony that should not have been presented. *Gardner v. State*, 730 S.W.2d 675, 696 (Tex. Crim. App.), *cert. denied*, 484 U.S. 905 (1987); *see also Kemp*, 846 S.W.2d at 308 (holding that a State's witness's reference to the defendant's prior incarceration was rendered harmless by a curative instruction); *Barney v. State*, 698 S.W.2d 114, 124–25 (Tex. Crim. App. 1985) (holding that a witness's answer that a victim did not like the defendant because "he was an ex-con," which violated the defendant's motion in limine, was improper but was cured by a jury instruction).

We have applied this principle. In *Hill v. State*, we held that a trial court did not abuse its discretion by denying Hill's motion for mistrial because an instruction to disregard was sufficient to cure the harm caused by an officer's testimony about extraneous offenses. No. 02-06-00357-CR, 2007 WL 2792863, at *6 (Tex. App.—Fort Worth Sept. 27, 2007, pet. ref'd) (mem. op., not designated for publication). There, the officer gave an unresponsive answer

9

about "previous burglaries" when the State asked about the officer's actions after seeing a car in the driveway of a house. *Id.* Hill, who had filed a motion in limine concerning extraneous offenses, immediately objected. *Id.* This objection stopped the testimony, and the trial court promptly instructed the jury to disregard the officer's statement and denied Hill's motion for mistrial. *Id.* Hill claimed that the evidence was not relevant and was prejudicial, but we concluded that the instruction to disregard cured any harm or prejudice caused by the testimony. *Id.*

Similarly, the unrepeated, undeveloped testimony here was not "so clearly calculated to inflame the minds of the jury or . . . of such damning character as to suggest it would be impossible to remove the harmful impression from the jury's mind." *See Drake*, 123 S.W.3d at 603–04. Therefore, the trial court successfully cured any harm caused by Martin's unresponsive statement regarding appellant's connection to "TDC" by instructing the jury to disregard the statement. *See Fuller v. State*, 827 S.W.2d 919, 926 (Tex. Crim. App. 1992) ("[R]eference by a witness to a defendant's prior incarceration in the penitentiary, . . . oftentimes colloquially referred to as 'TDC,' is improper . . . . Nevertheless, this Court has held that generally a prompt instruction to disregard cures the error."); *see also Molina v. State*, No. 14-96-00197-CR, 1998 WL 208812, at *2 (Tex. App.—Houston [14th Dist.] Apr. 30, 1998, pet. ref'd) (not designated for publication) ("[T]he unembellished and uninvited reference to appellant's TDC card, although inadmissible, was not so inflammatory as to undermine the efficacy of an instruction to disregard . . . ."). We hold that the trial court did not

10

abuse its discretion by denying appellant's motion for mistrial on this basis. *See Marchbanks*, 341 S.W.3d at 561. Thus, we overrule appellant's first point.

### Alleged Improprieties During Jury Arguments

Appellant's fourth through sixth points concern alleged improprieties during closing arguments.[7] We review a trial court's decision to overrule an objection to a closing argument for an abuse of discretion. *See Montgomery v. State*, 198 S.W.3d 67, 95 (Tex. App.—Fort Worth 2006, pet. ref'd). To be permissible, the State's jury argument must generally fall within one of the following areas: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel, or (4) plea for law enforcement. *Whitney*, 396 S.W.3d at 704. Even when an argument exceeds these approved areas, "such will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding." *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000) (plurality op.), *cert. denied*, 532 U.S. 944 (2001).

In his fourth point, appellant contends that the State's jury argument on his guilt improperly referred to his decision to not testify. While the State was

---

[7]Although appellant alleges in these points that the trial court erred by overruling motions for mistrial, appellant did not request a mistrial concerning the facts of these points.

11

making its initial closing argument on appellant's guilt, the following exchange occurred:

> [THE STATE:]  When we talked about aggravated robbery, we had to prove to you some certain things, and I want to go through some elements.  The first one's going to be on or about March 9th, 2012.  That's what you're going to see in the charge.  I would submit to you that with respect . . . to the testimony of Joe Geer and Ann Geer and all the cops and the 911 call, nobody questions we're talking about March 9th, 2012.

> The second one's going to be in Parker County, Texas.  Again, I know it seems repetitive to y'all to some extent.  We asked multiple witnesses, you know what, is your home . . .  in Parker County, Texas?  Yes, sir, it is. . . .  I'd submit to you there is zero evidence to the contrary, okay?  So we're past one and two.

> [DEFENSE COUNSEL]:  Your Honor, we're going to object to the zero evidence to the contrary as being a comment on our client's failure to testify, and we object.

> THE COURT:  Overruled.

The State cannot "comment on the failure of an accused to testify.  Such a comment violates the privilege against self-incrimination and the freedom from being compelled to testify contained in the Fifth Amendment of the United States Constitution and Article I, § 10, of the Texas Constitution."  *Bustamante v. State*, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001) (footnote omitted); *see* Tex. Code Crim. Proc. Ann. art. 38.08 (West 2005).  To violate the defendant's right against compelled self-incrimination, however, the

> offending language must be viewed from the jury's standpoint and the implication that the comment referred to the defendant's failure to testify must be clear.  It is not sufficient that the language might be construed as an implied or indirect allusion.  The test is whether the language used was manifestly intended or was of such a character

that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify.

*Bustamante*, 48 S.W.3d at 765 (footnotes omitted). A mere indirect or implied allusion to the accused's failure to testify does not violate the accused's right to remain silent. *Wead v. State*, 129 S.W.3d 126, 130 (Tex. Crim. App. 2004).

From appellant's opening statement forward, his defensive theory was not that the robberies had not occurred on the date and in the place alleged by the State but that he was not involved in them to the extent alleged. Thus, viewing the State's argument in the specific context it was made and within the record as a whole, we conclude that a reasonable jury would not likely consider it as a comment on appellant's decision to not testify but would instead tend to view it only as a statement that the date and place of the offenses were uncontested issues.

Moreover, the place and date of the robberies were not facts exclusively within the knowledge of appellant; other witnesses could have offered testimony on these issues that contradicted the allegations in the indictment. *See Myers v. State*, 573 S.W.2d 19, 20–21 (Tex. Crim. App. [Panel Op.] 1978) ("[A]n indirect comment that labels certain evidence as uncontroverted, unrefuted, or uncontradicted is impermissible if only the defendant could offer the rebutting evidence."); *Pollard v. State*, 552 S.W.2d 475, 477 (Tex. Crim. App. 1977) ("A statement that certain evidence is uncontroverted or unrefuted or uncontradicted does not constitute a comment on the accused's failure to testify where the

13

record indicates that persons other than the accused could have offered contradictory testimony."); *see also Fuentes v. State*, 991 S.W.2d 267, 275 (Tex. Crim. App.) ("Calling attention to the absence of evidence which only the defendant could produce will result in reversal only if the remark can only be construed to refer to appellant's failure testify and not the defense's failure to produce evidence."), *cert. denied*, 528 U.S. 1026 (1999). The most reasonable view of the State's comment is simply that those witnesses did not do so. Therefore, we cannot conclude that the trial court abused its discretion by overruling appellant's objection, and we overrule his fourth point. *See Montgomery*, 198 S.W.3d at 95; *see also Goff v. State*, 931 S.W.2d 537, 548 (Tex. Crim. App. 1996) ("Where the statement does not refer to evidence which can only come from the defendant, then it is not a direct comment on a defendant's failure to testify."), *cert. denied*, 520 U.S. 1171 (1997).

Concerning appellant's fifth point, during his closing argument on guilt, the following colloquy occurred:

> [DEFENSE COUNSEL:] The evidence is clear, as I told you in opening statement, that property from that burglary was at his home, that he is in receipt of stolen property, and therefore he is guilty of theft. Theft and burglary are different offenses. Theft is not charged in the indictment against him in this case. So we're going to --
>
> [THE STATE]: Judge, I'm going to object that his statement is a misstatement of the law in that sudden, unexplained possession of property alone is enough to prove burglary of a habitation.
>
> [DEFENSE COUNSEL]: Your Honor, I object. That is contrary to the Court's instructions. It is not in the Court's Charge, it

14

is not a rule of evidence before a jury, and there's no reference to that in this record.

THE COURT: Objection overruled.

Assuming that the State's comment was improper, we cannot conclude that it was harmful. The comment concerned only appellant's burglary charge. As explained above, he was not convicted of that charge and has not appealed the theft conviction related to that charge. Appellant does not explain how the comment harmed him with respect to the aggravated robbery convictions at issue. Therefore, we overrule his fifth point. *See* Tex. R. App. P. 44.2(b); *Wesbrook*, 29 S.W.3d at 115; *Martinez v. State*, 17 S.W.3d 677, 692–93 (Tex. Crim. App. 2000).

Finally, regarding appellant's sixth point, during the State's rebuttal argument on appellant's guilt, the following exchange occurred:

> [THE STATE:] If you will watch [the gas station surveillance] video, who's there? Three people; the female, a guy in a hoodie, same hoodie that you see right here in the defendant's bedroom. You can look at it.
>
> [DEFENSE COUNSEL]: Your Honor, object. I object. There is no evidence that the hoodie on the video is the hoodie in the photograph.
>
> [THE STATE]: They can see it for themselves, Judge.
>
> THE COURT: Overruled.
>
> [THE STATE]: Watch the video. Three people. It corroborates a whole lot of evidence here.

15

On appeal, appellant argues that the State's statement about the hoodie was "wholly outside the record and was an attempt by the [State] to inject new, and harmful, evidence before the jury."

Directing us to testimony and exhibits admitted at trial, the State contends that its argument about the hoodie from the surveillance video matching the hoodie from appellant's bedroom was a reasonable deduction from the evidence. *See Whitney*, 396 S.W.3d at 704. We need not decide that issue, however, because we conclude that even if the State's argument was improper, it was not harmful. *See* Tex. R. App. P. 44.2(b); *Wesbrook*, 29 S.W.3d at 115; *see also Logan v. State*, 698 S.W.2d 680, 681–82 (Tex. Crim. App. 1985) ("[N]ot every improper argument by a prosecuting attorney will cause a conviction to be reversed."); *Ortiz v. State*, 999 S.W.2d 600, 605–06 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (stating that an argument inviting speculation about matters not in evidence is reviewed under the harm analysis for nonconstitutional error).

In determining whether the argument above affected appellant's substantial rights, we consider, in context of the entire record, the prejudicial effect of the prosecutor's remarks and the certainty of the conviction absent the argument. *Martinez*, 17 S.W.3d at 692–93. Here, the prejudicial effect was low and the certainty of conviction was high; appellant's convictions did not hinge on whether the hoodie in the surveillance video matched the hoodie from his bedroom. Instead, to acquit appellant, the jury would have had to reject the testimony of the Geers, Anderson, and Martin, all who directly linked appellant to

16

the robberies.[8]  We conclude that it is unlikely that the jury was inclined to reject (or was unsure about accepting) the testimony of these four witnesses but decided to believe them only when hearing the State's argument about the hoodie.  Also, when confronted with the allegation that he had committed the robberies during a custodial interview, appellant appeared to admit his guilt by nodding and asking for a "guarantee" if he cooperated with the police.

Because we conclude that the State's argument did not harm appellant when viewed in context with the entire record, we overrule his sixth point.  *See* Tex. R. App. P. 44.2(b); *Martinez*, 17 S.W.3d at 692–93.

## Conclusion

Having overruled all of appellant's points, we affirm the trial court's judgments.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 8, 2015

---

[8]As mentioned above, circumstantial evidence, including stolen property in his possession, also linked appellant to the robberies.